IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

FILED
NOV 20 2018
Clerk, U.S Courts
District Of Montana
Missoula Division

| | |
|---|---|
| PHILLIP and NEOMA ANDERSON,<br><br>Plaintiffs,<br><br>vs.<br><br>BANK OF AMERICA, N.A., a subsidiary of Bank of America a/k/a BAC HOME LOANS SERVICING, LP f/k/a COUNTRYWIDE HOME LOANS SERVICING, LP, and JOHN DOES I-X,<br><br>Defendants. | CV 17–161–M–DWM<br><br>OPINION<br>and ORDER |

Plaintiffs Phillip and Neoma Anderson (the "Andersons") brought this action against Defendant Bank of America, National Association, a subsidiary of Bank of America, a/k/a BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP ("Bank of America"), asserting eleven claims based on its servicing, modifying, and eventual foreclosure of their mortgage. (Doc. 4.) Pursuant to Federal Rule of Civil Procedure 12(c), Bank of America moves for partial judgment on the pleadings as to all but two of the Andersons' claims. (Doc. 13.) For the reasons discussed below, Bank of America's motion is granted in part and denied in part.

1

## Factual Background

As a preliminary matter, Bank of America's brief refers to material outside the pleadings. "Judgment on the pleadings is limited to material included in the pleadings." *Yakima Valley Memorial Hosp. v. Wash. St. Dep't of Health*, 654 F.3d 919, 925 n.6 (9th Cir. 2011). However, in ruling on a Rule 12(c) motion, a court may consider—in addition to the complaint—"documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A document "may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003). A court's decision to incorporate documents by reference is reviewed for abuse of discretion. *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012).

This case arises from allegations that Bank of America mishandled the servicing, modifying, and eventual foreclosure of the Andersons' mortgage, which secured property located at 120 Highland Drive, Kalispell, Montana 59901 (the "Property"). (Doc. 4 at ¶ 5.) In March 2006, the Andersons obtained a mortgage loan for $270,000 (the "Mortgage") evidenced by a promissory note and secured by a Deed of Trust recorded against the Property. (*Id.* at ¶¶ 5, 7; Doc. 14-1.) By

2009, the Andersons fell behind on the Mortgage payments. (Doc. 4 at ¶ 9.) The Property was sold at a foreclosure sale nearly three years later. (Doc. 14-2.)

The Andersons assert that they made numerous attempts to negotiate a loan modification between October 2009 and March 2011. (Doc. 4 at ¶ 10.) These ongoing negotiations included a series of "trial period payment plans" to establish a lower monthly payment and modify the Mortgage. During this period, the Andersons were granted two trial period payment plans beginning in 2009. (*Id.* at ¶¶ 10, 12.) The Andersons allege they made the required trial payments in 2009 but were not given a permanent modification. (*Id.* at ¶10.) In 2011, Bank of America approved the Andersons for a second trial period payment plan, requiring them to make three monthly payments to permanently modify the Mortgage. (*Id.* at ¶ 12.) The Andersons allege that they made the required payments and executed and returned the permanent loan modification agreement, which established a new, lower payment in May 2012. (*Id.* at ¶¶ 13–14). The Andersons allege that, despite following Bank of America's instruction regarding their Mortgage and modified agreement, Bank of America did not honor this agreement. "Unbeknownst" to the Andersons, Bank of America foreclosed and sold the Property on September 24, 2012. (*Id.* at ¶ 19.) The Andersons were evicted from the Property on June 6, 2013. (*Id.* at ¶ 21.)

This case commenced in Montana state court on June 3, 2016. A First Amended Complaint ("Amended Complaint") was filed on October 19, 2017, asserting eleven claims: (1) breach of original contract; (2) breach of trial plan period contract; (3) breach of modified contract; (4) promissory estoppel; (5) negligence; (6) tortious breach of covenant of good faith and fair dealing; (7) negligent misrepresentation; (8) violations of Montana's Consumer Protection Act; (9) fraud; (10) constructive fraud; and (11) punitive damages. (Doc. 4.) Bank of America timely removed to this Court, (Doc. 1), and on May 9, 2018, sought partial judgment on the pleadings as to all but two of the Andersons' claims, (Doc. 13). Bank of America does not seek judgment on the pleadings for the claims for breach of trial plan period contract (Count II) or breach of modified contract (Count III). In response, the Andersons concede their claims for Montana Consumer Protection Act violations (Count VIII); fraud (Count IX); and constructive fraud (Count X) are time-barred.

## LEGAL STANDARD

A Rule 12(c) motion for judgment on the pleadings is the functional equivalent of a Rule 12(b)(6) motion to dismiss for failure to state a claim, except it is filed after the answer. *See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011). Accordingly, the inquiry is "whether

the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." *Id.* A facially plausible complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In considering the motion, a court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). However, a court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden St. Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "A judgment on the pleadings is properly granted when there is no material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Ventress v. Japan Airlines*, 603 F.3d 676, 681 (9th Cir. 2010).

## ANALYSIS

### I. Count I: Breach of Original Contract

Bank of America argues that the Andersons' Amended Complaint does not meet pleading standards for a breach of contract claim because it contains only

conclusory facts, fails to identify the contract language breached, and fails to allege damages. (Doc. 14 at 12-13.) The Andersons' breach of contract claim is sufficiently pled to survive a Rule 12(c) motion.

A breach of contract is an actionable wrong regardless of whether actual damages stemmed from the breach. *Puryer v. HSBC Bank USA*, 419 P.3d 105, ¶ 20 (Mont. 2018) ("A failure to show actual damages and the resulting inference that none were sustained does not defeat the cause of action.") It is undisputed that a valid contract existed between the parties beginning in March 2006 when the Andersons obtained the Mortgage. Count I of the Amended Complaint alleges that Bank of America breached its obligations under the Mortgage. (Doc. 4 at ¶ 25.) The Andersons also allege they suffered "general and special damages" because of the breach. Under Montana law, a failure to plead actual damages for a contractual breach is not fatal. *Puryer* at ¶ 21. Thus, the Andersons "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## II. Count IV: Promissory Estoppel

Bank of America contends that the Andersons' promissory estoppel theory stretches the doctrine "beyond recognition." (Doc. 14 at 7.) Bank of America's argument is misguided and the Andersons sufficiently pled this claim.

6

There are four elements to a promissory estoppel claim in Montana: "(1) a promise clear and unambiguous in its terms; (2) reliance on the promise by the party to whom the promise is made; (3) reasonableness and foreseeability of the reliance; [and] (4) the party asserting the reliance must be injured by the reliance." *Turner v. Wells Fargo Bank, N.A.*, 291 P.3d 1082, ¶ 24 (Mont. 2012). The terms of the promise must be certain, as there can be no promissory estoppel without a real promise. *Keil v. Glacier Park, Inc.*, 614 P.2d 502, 506 (Mont. 1980). Promissory estoppel cannot be based on preliminary negotiations and discussions or an agreement to negotiate the terms of a contract. *Id.*

The Andersons allege that Bank of America "clearly and unambiguously promised the Andersons that, 'After all trial period payments are timely made, your mortgage will be permanently modified.'" (Doc. 4 at ¶ 37.) In reliance upon that promise, the Andersons allege they acted to their detriment in making the required trial period payments. (*Id.* at ¶ 40.) Finally, the Andersons allege their reliance was reasonable and foreseeable. (*Id.* at ¶ 38.) Bank of America's argument that the "alleged promise was not gratuitous and is fundamentally at odds with the doctrine of promissory estoppel" is misguided. The doctrine of promissory estoppel is founded in principles of equity. *Neumann v. Aid Ass'n for Lutherans*, 775 F. Supp. 1350, 1354 (D. Mont. 1991). An estoppel need not rest

upon consideration or legal obligation. *Id.* Whether the Andersons can prove the essential elements to sustain their claim "presents a matter to be determined by the trier of fact based upon the evidence adduced at trial." *Id.* Taking the allegations as true, the Andersons have sufficiently pled a claim for promissory estoppel to survive a Rule 12(c) motion.

### III. Count V: Negligence

The Andersons further allege negligence, asserting nine actions by Bank of America they believes gives rise to their claim: (1) failing to comply with Fannie Mae Modification Program, the Montana Small Tract Financing Act, and "standard banking procedure; (2) issuing conflicting paperwork; (3) requesting contradictory payment amounts; (4) failing to provide accurate information; (5) improperly returning payments; (6) informing the Andersons to ignore written correspondence; (7) advising the Andersons that the loan modification was complete; (8) placing the loan in default status; and (9) foreclosing on the Mortgage. Bank of America argues the claim is barred by the applicable statute of limitations. The Andersons contend that their claim was preserved under either a continuing tort or discovery rule theory. Bank of America is correct.

It is undisputed that the Andersons' negligence claim is subject to a three-year statute of limitations. Mont. Code Ann. § 27-2-204(1); *Walstad v. Nw. Bank*

8

*of Great Falls*, 783 P.2d 1325, 1328 (Mont. 1989). Because they filed this action on June 3, 2016, the Andersons' claim is subject to dismissal if: (1) the claim accrued before June 3, 2013, and (2) it is beyond doubt that equitable tolling is inapplicable. Mont. Code Ann. § 27-2-102; *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995). Under Montana law, the limitations period on a cause of action begins to run "when all elements of the claim or cause exist or have occurred." § 27–2–102(1)(a). Put simply, "a right of action in tort accrues upon injury." *Mont. Pole & Treating Plant v. I.F. Laucks & Co.*, 775 F. Supp. 1339, 1346 (D. Mont. 1991). But there are two exceptions to this rule.

First, Montana recognizes the continuing tort theory: "[a] continuing tort is one that is not capable of being captured by a definition of time and place of injury because it is an active, progressive[,] continuing occurrence. . . taking place at all times." *Christian v. Atl. Richfield Co.*, 358 P.3d 131, 140 (Mont. 2015) (citations omitted). "The continuing tort exception may be applied to injuries that are ongoing or in some way recurring," and requires a reviewing court "to consider whether a [tort] is temporary or permanent in character." *Id.* "A permanent [tort] is one where the situation has stabilized and the permanent damage is reasonably certain." *Id.* (citations omitted). With a permanent tort or injury, the limitations period begins to run from the completion of the tort itself, i.e. from the time the

9

situation has stabilized. *Id.* A temporary tort is "terminable" and "abatable," and "its repetition or continuance gives rise to a new cause of action [for which] recovery may be had for damages accruing within the statutory period next preceding the commencement of the action." *Id.* at 141. "[R]easonable abatability defines whether a tort is permanent or temporary." *Id.* While continuing tort theory most often applies to trespass and nuisance claims, it can apply to toll the limitations period of other tort causes of action "if the injury is of a nature that may be considered continuing." *Id.* at 150.

Second, Montana's discovery rule provides that

> [t]he period of limitation does not begin on any claim or cause of action for an injury to person or property until the facts constituting the claim have been discovered or, in the exercise of due diligence, should have been discovered by the injured party if: (a) the facts constituting the claim are by their nature concealed or self-concealing; or (b) before, during, or after the act causing the injury, the defendant has taken action which prevents the injured party from discovering the injury or its cause.

§ 27-2-102(3). "[W]hether the facts constituting the claim were concealed or self-concealing, whether the defendant acted to prevent discovery of those facts, or whether the plaintiff exercised due diligence" are questions of fact. *Christian*, 358 P.3d at 153.

In this case, the Andersons argue they were not damaged until the Property sold at a trustee sale and that "a question of fact exists as to when the sale actually

10

took place." (Doc. 15 at 7.) However, the Trustee's Deed, which was not included in the Amended Complaint, indicates that Bank of America foreclosed and sold the Property on September 24, 2012.[1] (Doc. 14-2.) Moreover, the allegations of the Amended Complaint contradict any conclusion that the Andersons' negligence claim accrued only upon foreclosure. The Andersons, in fact, claim that Bank of America breached its duty of care and its fiduciary duty "during the modification process," which started in 2009 and continued over a period of nearly three years. (Doc. 4 at ¶¶ 10–20.) All such events giving rise to a negligence claim took place more than three years before suit was filed on June 3, 2016.

Moreover, neither the discovery rule nor continuing tort theory toll the applicable statutes of limitations. The above representations from the Andersons' Amended Complaint confirms that as of September 24, 2012, at the very latest, they had been "given notice or information that would prompt a reasonable person to conduct further inquiry" into their causes of action against Bank of America. *Christian*, 358 P.3d at 153. Because they were given such notice, yet failed to file

---

[1] The Trustee's Deed can be considered under the doctrine of incorporation by reference. *Ritchie*, 342 F.3d at 908. The Andersons refer extensively to the Mortgage and trustee's sale of the Property and base their claims on actions Bank of America took as their loan servicer. However, given other allegations in the complaint, this disputed fact is not dispositive.

11

this lawsuit until 2016, the discovery rule does not toll the limitations period applicable to their negligence claims.

Nor can Bank of America's actions be reasonably considered a continuing tort. The distinguishing characteristic of a continuing tort is one that "can be reasonably abated." *Id.* at 149–151. However, "If the continuing tort doctrine were applied in cases where abatement is only possible through the payment of money for past wrongs, any suit seeking damages would arguably qualify as a continuing tort." *Id.* at 151. Further, in those cases where conduct is deemed "abatable," the tortfeasor is generally aware that an injury has occurred. To say that the Andersons' injuries and Bank of America's actions were "abatable" would presume the tortiousness of Bank of America's conduct, and would presume that any defendant could identify when they had knowingly or unknowingly committed a tort. "Were the Court to conclude that a tort is continuing because a defendant can always choose to stop acting in the manner which a plaintiff alleges is tortious, the continuing tort exception would see a vast expansion and would subvert the purpose of statutes of limitations." *Knight v. Wells Fargo Bank*, 2016 WL 3221593, at *6 (D. Mont. June 8, 2016). The continuing tort doctrine does not apply to the Andersons' claim; thus, it is time-barred by the applicable statute of limitations. Whether Bank of America owed a duty of care need not be addressed.

## IV. Count VII: Negligent Misrepresentation

Bank of America argues that the Andersons' negligent misrepresentation claim is also time-barred. Like the negligence claim, the Andersons insist that their claim is preserved under either a continuing tort or discovery rule theory. Once again, Bank of America is correct. Because negligent misrepresentation is couched in terms of negligence, the three-year statute of limitations for negligence applies. *Cechovic v. Hardin & Assocs., Inc.*, 902 P.2d 520, 529 (1995). The statute of limitations analysis for the Andersons' negligent misrepresentation claim mirrors the analysis for Count V (negligence) above. All the events giving rise to this claim occurred before June 3, 2013. The Andersons filed this action on June 3, 2016; thus, it was not timely filed.

## V. Count VI: Tortious Breach of Covenant of Good Faith and Fair Dealing

The Andersons' sixth claim is tortious breach of the covenant of good faith and fair dealing. Bank of America contends the Andersons failed to allege sufficient facts to support the claim because the Amended Complaint does not allege facts giving rise to a special relationship. The Andersons disagree.

Every contract contains an implied covenant of good faith and fair dealing. *Puryer*, at ¶ 23 (citing *Story v. Bozeman*, 791 P.2d 767, 775 (Mont. 1990)). Breach of the implied covenant of good faith and fair dealing customarily sounds in

13

contract; however, such a breach may be tortious if the parties are in a "special relationship." *Story*, 791 P.2d at 776. To establish a "special relationship" the following five elements must be present:

> (1) the contract must be such that the parties are in inherently unequal bargaining positions; (2) the motivation for entering the contract must be a non-profit motivation, i.e., to secure peace of mind, security, future protection; (3) ordinary contract damages are not adequate because (a) they do not require the party in the superior position to account for its actions, and (b) they do not make the inferior party 'whole'; (4) one party is especially vulnerable because of the type of harm it may suffer and of necessity places trust in the other party to perform; and (5) the other party is aware of this vulnerability.

*Id.* Bank of America improperly conflates the "special relationship" required under *Story* with the "special circumstances" that would give rise to a fiduciary duty. Put simply, special circumstances that give rise to a *fiduciary duty* are not required to sufficiently plead a claim for tortious breach of the implied covenant of good faith and fair dealing. *See Puryer* at ¶ 25. Taking the allegations as true, the Andersons have sufficiently pled a tortious breach of the implied covenant in their Amended Complaint to survive a Rule 12(c) motion.

That said, it appears that the Andersons' tortious breach claim is also untimely. While breach of the implied covenant of good faith and fair dealing customarily sounds in contract, a tortious breach claim is governed by the three-year statute of limitations generally applicable to tort claims. *Story*, 791 P.2d at

14

776; Mont. Code Ann. § 27–2–204. The Andersons' claim for tortious breach of the implied covenant of good faith and fair dealing arose from the same events as those in Counts V (negligence) and VII (negligent misrepresentation), all of which occurred prior to June 3, 2013. However, because the parties did not brief this issue, the Andersons will be given an opportunity to show cause why this claim is not time-barred.

## VI. Count XI: Punitive Damages

The Andersons' eleventh claim is for punitive damages under Mont. Code Ann. § 27-1-221. As discussed above, all tort-based claims capable of supporting recovery of punitive damages are time-barred; thus, Bank of America is entitled to judgment on the pleadings as to the Andersons' punitive damages claim.

### Conclusion

Based on the foregoing, IT IS ORDERED that Bank of America's motion for judgment on the pleadings (Doc. 13.) is GRANTED as to Counts V, VII, VIII, IX, X, and XI, and those counts are DISMISSED. Bank of America's motion is DENIED as to Counts I (breach of contract) and IV (promissory estoppel).

IT IS FURTHER ORDERED that the Andersons have until on or before **November 30, 2018**, to show cause why their claim for tortious breach (Count VI)

should not also be dismissed as time-barred. If no such filing is made on or before that date, Count VI will also be dismissed pursuant to this Order.

DATED this 20th day of November, 2018.

Donald W. Molloy, District Judge
United States District Court